UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
EARL REYES,                        :        10-cv-7379 (LAP)
                                   :
            Petitioner,            :        MEMORANDUM & ORDER
                                   :        ADOPTING REPORT &
                                   :        RECOMMENDATION
                                   :
      v.                           :
                                   :
DALE ARTUS,                        :
                                   :
            Respondent.            :
                                   :
-----------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

        Petitioner Earl Reyes ("Petitioner" or "Reyes"), pro
se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
(See Petition, dated Aug. 14, 2010 [dkt. no. 3] (the "Pet.");
Amended Petition, dated Aug. 19, 2013 [dkt. no. 20] (the "Am.
Pet.").)  After a jury trial in New York State Supreme Court,
Reyes was convicted of one count of second degree murder in
violation of New York Penal Law § 125.25[1].  On December 14,
2007, Reyes was sentenced to an indeterminate prison term, from
twenty-five years to life, to run concurrently with a
previously-imposed federal sentence.  After filing a direct
appeal and a motion to vacate judgment, Reyes sought a writ of
habeas corpus, which was referred to United States Magistrate
Judge Michael H. Dolinger.  (See Order of Reference, dated July
1, 2013 [dkt. no. 14].)

On March 12, 2015, Judge Dolinger issued a Report and Recommendation in which he recommended that this Court deny Reyes's petition and a certificate of appeal.  (See Report and Recommendation, dated Mar. 12, 2015 [dkt. no. 37] (the "Report"), at 3.)  Reyes subsequently filed objections to the Report as well as an objection to a separate order issued by Judge Dolinger.  (See Pet'r's Mot., dated May 14, 2015 [dkt. nos. 46, 47] (the "Objections"); Pet'r's Decl. in Supp., dated May 14, 2015 [dkt. no. 48] (the "Decl. in Supp.").)  For the following reasons, the Report [dkt. no. 37] is adopted in full, and Reyes's objections [dkt. nos. 39, 46-48] are overruled.

I.    BACKGROUND

The Court assumes familiarity with the factual background and relevant procedural history as set out thoroughly by the Report.  (See Report [dkt. no. 37], at 3-32.)  Reyes's original habeas petition, dated August 14, 2010, articulates two claims: (1) denial of trial counsel during the charge conference and (2) ineffective assistance of counsel during his attorney's summation.[1]  (See Pet. [dkt. no. 3], ¶ 12.)  Reyes's amended petition, dated August 19, 2013, asserts five additional claims: (1) ineffective assistance of appellate counsel; (2) erroneous admission at trial of a statement Reyes made prior to being

---

[1] As will be discussed below, this claim also includes Reyes's argument that he was constructively denied counsel during his attorney's summation.

given Miranda warnings; (3) flawed grand jury proceedings; (4) insufficient evidence to prove Reyes's guilt beyond a reasonable doubt; and (5) ineffective assistance of trial counsel during jury deliberations.[2]   (See Am. Pet. [dkt. no. 20], ¶ 13.)   Reyes subsequently filed a motion requesting discovery, a hearing, and the appointment of counsel.   (Pet'r's Mot., dated Jan. 7, 2015 [dkt. no. 36].)

The Report found that the claims raised in Reyes's original petition were timely filed, but meritless.   (Report [dkt. no. 37], at 37-63.)   The Report also found that the remaining claims raised in the amended petition were untimely, meritless, and that some were unexhausted.   (Id., at 63-86.) Finally, in a separate order, Judge Dolinger denied Reyes's discovery motion.   (Order, dated Mar. 12, 2015 [dkt. no. 38].)

On March 18, 2015, Reyes moved for an extension of time to file his objections.   (Pet'r's Mot., dated Mar. 18, 2015 [dkt. no. 39].)   The Court did not rule on this motion and, in May 2015, Reyes filed his objections to both the Report and to Judge Dolinger's order.   (Objections [dkt. no. 47], at 3-6.) Because this Court did not make a determination concerning Reyes's request for an extension, his objections are deemed timely filed and are considered below.

---

[2] The Court adopts the Report's descriptions of Reyes's arguments raised in his habeas petitions.   (See Report [dkt. no. 37], at 37-38.)

II.   STANDARDS OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  When objections have been made to the Report, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

However, when a petitioner objects by simply reiterating previous arguments or making only conclusory statements, the Court should review such objections for clear error.  Genao v. United States, No. 08 CIV. 9313, 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011).  "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings . . . such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument."  Pinkney v. Progressive Home Health Servis., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  Further, because "new claims may not be raised properly at this late juncture," such claims "presented in the form of, or along with, 'objections,' should be dismissed."  Pierce v. Mance, No. 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009).

4

III. DISCUSSION

In the instant case, Reyes provides two objections to the Report.  First, Reyes objects to the Report's statement that he "admitted that the second, fatal shot 'may have been deliberate.'"  (Objections [dkt. no. 47], ¶ 1 (citing Report [dkt. no. 37], at 8).)  Second, Reyes objects generally to the Report's conclusions and, more specifically, to the Report's findings concerning his claims of denial of counsel at the charging phase, ineffective assistance of counsel during summation, and constructive denial of counsel.  (Id., ¶ 2(A)-(C).)  Although portions of Reyes's second objection only merit review for clear error because they merely restate claims that were raised in Reyes's petitions or are new claims that may not be raised at this point in Reyes's habeas proceedings, the Court has reviewed the Report's findings concerning all of Reyes's claims de novo and adopts the Report in its entirety.

    i.   Reyes's Objection to the Report's Findings Concerning the Second Shot

Reyes first objects to the Report's finding that he "admitted that the second, fatal shot 'may have been deliberate.'"  (Id., ¶ 1.)  Reyes notes that he only "assumed" that the second shot struck Carlos Rosario, the deceased.  (Id., ¶ 1(A).)  Reyes also argues that a witness testified that the first shot struck Rosario in the chest and that the State's

5

evidence proved that the cause of death was a gunshot wound to the chest. (Id., ¶ 1(B)-(C) (citing Decl. in Supp. [dkt. no. 48] ¶¶ 2-3, 6-7).) Finally, Reyes contends that Judge Dolinger did not consider his request that the Court take judicial notice of the fact that "it was the first and not the second shot that killed the deceased, and that Petitioner testified that the first shot was an accident." (Id., ¶ 1(D) (citing Decl. in Supp. [dkt. no. 48] ¶¶ 3-6).)

Construing Reyes's arguments liberally, his objection appears to be that the Report incorrectly characterized the second shot as both fatal and deliberate and that, if it had not done so, there would be insufficient evidence to support the Report's findings and his conviction. However, the Report's description of the second shot is consistent with Reyes's trial testimony. Reyes testified that he initially fired two shots and that, although the first was accidental and missed Rosario, the second "may have been deliberate" and that he "assumed" this shot hit Rosario. (Trial Tr., 426: 15-25, 427:1-5.)

Further, to the extent Reyes now claims that there is insufficient evidence to support his conviction, such a claim is untimely, procedurally barred, and meritless. Although Reyes asserted a claim of insufficient evidence in his amended petition (Am. Pet. [dkt. no. 20], ¶ 13), this petition was filed more than two years after the statute of limitations for filing

6

such a habeas petition had expired, see 28 U.S.C. § 2244(d)(1).
As the Report notes, there is no basis for finding that this
claim was timely asserted.  (See Report [dkt. no. 37], at 65-
74.)  Further, because Reyes did not raise this claim on direct
appeal, it is also unexhausted.  Reyes has not shown that there
is cause for and prejudice from his procedural default or that
there has been a fundamental miscarriage of justice.  O'Sullivan
v. Boerckel, 526 U.S. 838, 853-54 (1999).

       Finally, even assuming, arguendo, that this claim is
timely and not procedurally barred, Reyes's claim is meritless
and does not justify habeas relief.  Generally, a "petitioner
bears a very heavy burden in convincing a federal habeas court
to grant a petition on the grounds of insufficiency of the
evidence."  Fama v. Comm'r of Corr. Serv., 235 F.3d 804, 811 (2d
Cir. 2000).  A habeas claim of insufficient evidence will
warrant relief if, given the evidence produced at trial, "no
rational trier of fact could have found proof of guilt beyond a
reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 324,
(1979).  Even where a reviewing court is "faced with a record of
historical facts that supports conflicting inferences," the
court "must presume—even if it does not affirmatively appear in
the record—that the trier of fact resolved any such conflicts in
favor of the prosecution, and must defer to that resolution."
Id. at 326.

In the instant case, Reyes was convicted of murder in the second degree in violation of New York Penal Law §125.25[1], which requires a finding that the accused acted "with intent to cause death." See New York Penal Law §125.25[1].  In Reyes's objections to the Report, he seems to assert that there was insufficient evidence to support the jury's finding that he possessed the requisite intent.  Reyes correctly notes that a witness for the prosecution testified that the first shot Reyes fired hit Rosario in the chest and that a doctor testified that Rosario's death was caused by a gunshot wound to the chest. (See Decl. in Supp. [dkt. no. 48], ¶¶ 2-3 (citing Trial Tr., 204:18-25, 205:1-5, 373:15-16).)  A rational trier of fact could have determined, however, that these witnesses were not credible.  Further, neither of the witnesses' cited testimony provides support for Reyes's claim that the fatal shot was accidental and that he did not intend to cause Rosario's death.

Finally, as was noted at Reyes's sentencing, sufficient evidence was introduced at trial to support the jury's determination.  (See Sent. Tr., 31:6-33:10.)  Reyes himself testified that he assumed his second shot hit Rosario and conceded that this shot "may have been deliberate."  (See Trial Tr., 426: 22-25, 427:4-5.)  Accordingly, Reyes has not demonstrated that no rational trier of fact could have found him guilty beyond a reasonable doubt.  Jackson, 443 U.S. at 324.

ii.   Reyes's Objections to the Report's Findings
Concerning his Sixth Amendment Claims

Reyes also asserts a general objection to the Report's findings.  (See Objections [dkt. no. 47], ¶ 2 (quoting Report [dkt. no. 37], at 38-39).)  Within this objection, Reyes states details concerning three of his Sixth Amendment claims: (1) denial of counsel at the charging phase; (2) ineffective assistance of counsel at the summation stage of trial; and (3) constructive denial of counsel.  (Id., ¶ 2(A)-(C).)

With respect to the first two claims, Reyes does not raise any specific objections to the Report.  Instead, Reyes merely restates arguments that he raised in his habeas petitions and that the Report correctly found were meritless.  (Id., ¶ 2(A)-(B).)  Reyes also states details concerning a new ineffective assistance of counsel claim based on trial counsel's alleged failure to investigate all reasonable defenses or to make a reasonable determination that such an investigation was unnecessary.  (Id., ¶ 2(B)(ii)-(v).)  However, this claim was not raised in either Reyes's habeas petitions or in his state proceedings and it is therefore improperly raised in his objections to the Report.[3]  See Pierce, 2009 WL 1754904, at *1.

---

[3] Reyes raised a related ineffective assistance of counsel claim in his motion requesting discovery.  (Pet'r's Mot., dated Jan. 7, 2015 [dkt. no. 36].) Judge Dolinger, in denying this request, noted that this ineffective assistance of counsel claim also would be untimely and unexhausted.  (See Order, dated Mar. 12, 2015 [dkt. no. 38], at 7-8.)

Reyes does assert a specific objection to the Report concerning his constructive denial of counsel claim. Reyes argues that, during summations, his trial counsel "made the uninformed decision not to argue against intent, thus failing to subject the prosecution's case to meaningful adversarial testing." (Objections [dkt. no. 47], ¶ 2(C).)  Further, Reyes notes this claim "relates back" to his ineffective assistance of counsel claim, which he raised in his original petition. (Id.) Construing this objection liberally, Reyes seems to suggest that the Report incorrectly determined that his constructive denial of counsel claim was not raised in the original petition and, therefore, that it was not timely asserted.

The Report specifically noted, however, that Reyes's original claims included an argument concerning the constructive denial of counsel and, therefore, that Reyes had timely raised such a claim.[4]  (Report [dkt. no. 37], at 2, 45.)  However, as the Report also notes, this claim does not warrant habeas relief because it is meritless.  Reyes's arguments concerning his attorney's summation were raised on direct appeal and in a subsequent state proceeding to vacate his judgment, and these arguments were denied on the merits by the state Supreme Court.

---

[4] Although Reyes's original petition provides little detail for determining the scope of these claims (Pet. [dkt. no. 3], ¶ 13), Reyes also incorporated by reference the arguments he raised in his direct appeal of his conviction, which included an argument that he was constructively denied counsel during summations (id., ¶ 12).

The state court determined that it was reasonable for Reyes's
counsel not to argue in summations that Reyes lacked the
requisite intent and, instead, to focus his summation on Reyes's
justification defense. People v. Reyes, Ind. No. 3444/05 (N.Y.
Sup. Ct. Jul. 2, 2010).

    This state court adjudication was not contrary to, or
an unreasonable application of, clearly established Federal law.
See 28 U.S.C. § 2254(d). In Strickland v. Washington, the
Supreme Court established a two-prong test to evaluate
ineffective assistance claims under the Sixth Amendment. 466
U.S. 668 (1984). A defendant must prove that: (1) counsel's
performance fell below an objective standard of reasonableness
and (2) counsel's deficient performance prejudiced the
defendant. Id. at 687-88. Under the performance prong, there
is a "strong presumption" that counsel's strategy and tactics
fall "within the wide range of reasonable professional
assistance." Id. at 689. Under the prejudice prong, prejudice
is presumed in very narrow circumstances—such as where there has
been a constructive denial of counsel. Id. at 692-93. Where,
as here, counsel affirmatively decides not to make an argument
in his summation for strategic reasons, there is no constructive
denial of counsel and, instead, counsel's effectiveness should
be assessed under the Strickland standard. See Bell v. Cone,
535 U.S. 685, 696-697 (2002) ("[W]aiver of closing argument [is]

11

plainly of the same ilk as other specific attorney errors we have held subject to Strickland's performance and prejudice components.").

Here, after Reyes's defense counsel stated that he would not argue intent, he then transitioned into asserting Reyes's justification defense. (Trial Tr., 525:10-23, 526:1-5.) Reyes's counsel, thus, did not "entirely fail[] to subject the prosecution's case to meaningful adversarial testing," such that Reyes was constructively denied counsel. See United States v. Cronic, 466 U.S. 648, 659 (1984); see also Cone, 535 U.S. at 696-697 (noting that to "presum[e] prejudice based on an attorney's failure to test the prosecutor's case . . . the attorney's failure must be complete").

Further, as the state court determined, counsel's statements during summation also did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 668. In light of the evidence introduced at trial that Reyes had fired multiple shots at the victim from close range, there was a strong inference of intent, and defense counsel made a reasonable strategic decision to shift the focus to Reyes's justification defense. (See Report [dkt. no. 37], at 59-63.) Accordingly, the Report correctly determined that Reyes's ineffective assistance and constructive denial of counsel claims based on his counsel's summation do not merit habeas relief.

With respect to Reyes's remaining claims set forth in his petitions, the Court finds that the Report thoroughly analyzed these claims and persuasively explained why each fails on the merits or is procedurally barred.  The Report even goes so far as to explain why procedurally barred claims, such as those first raised in Reyes's amended petition, would fail on the merits were they not barred.  For the reasons above, the Court adopts the Report in its entirety and overrules Reyes's objections concerning the Report.

### iii. Reyes's Motion for Discovery, Evidentiary Hearing, and Appointment of Counsel

Reyes's third and final objection is to an order issued by Judge Dolinger denying Reyes's requests for discovery, a hearing, and the appointment of counsel.  (See Objections [dkt. no. 47], ¶ 3.)  Although Reyes does not explicitly state the basis for these requests, he does note that this discovery would support an ineffective assistance of counsel claim and he refers to an earlier request for an evidentiary hearing that set forth more specific allegations.  (Pet'r's Mot., dated Jan. 7, 2015 [dkt. no. 36], ¶ 3, 5.)  In that earlier request, Reyes asserted that his trial counsel was ineffective for not questioning a detective at Reyes's second trial about the amount of pressure required to pull the trigger of the murder weapon and for not requesting that a trigger-pull test be conducted.

13

(Pet'r's Mot., dated Jan. 2, 2014 [dkt. no. 31], at 26-28.)   In
Reyes's objections to Judge Dolinger's denial of the instant
motion, however, Reyes describes his discovery requests as
supporting a broader ineffective assistance of counsel claim—
that counsel failed to investigate all reasonable defenses.[5]

Regardless of whether Reyes's motion was based on the
narrower or broader claim, his motion was correctly denied.   A
habeas petitioner is not entitled to discovery as a matter of
course.   See Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir.
2003) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)).
Under Rule 6 of the Rules Governing 28 U.S.C. § 2254 cases, a
federal judge may permit discovery if "good cause" is shown.
Id.   In order to show good cause, a petitioner must "set forth
specific allegations that provide reason to believe that the
petitioner may, if the facts are fully developed, be able to
demonstrate that he is . . . entitled to relief[ ]." Defino v.
Thomas, No. 02 Civ. 7413, 2003 WL 40502, at *4 (S.D.N.Y. Jan.2,
2003) (citation and internal quotation marks omitted).   A
court's discretion to grant an evidentiary hearing is further
limited under 28 U.S.C. § 2254(e)(2).

Here, Reyes failed to demonstrate "good cause" for his
discovery requests.   As noted earlier, Reyes has not previously

---

[5] This claim appears to be related to, if not the same as, the one raised in
Reyes's objections to the Report.   (See Objections [dkt. no. 47], ¶ 2(B).)

raised a claim of ineffective assistance of counsel based on counsel's alleged failure to investigate certain defenses.  This claim, therefore, would be untimely, unexhausted, and procedurally barred.  Accordingly, even if Reyes were granted his discovery requests and were permitted to fully develop such facts, he would not be entitled to relief on this claim.  Thus, Reyes has not demonstrated "good cause" for his discovery requests.  See Defino, 2003 WL 40502, at *4; Beatty v. Greiner, 50 Fed. Appx. 494, 2002 WL 31520091, *3 (2d Cir. 2002).

Reyes's request for an evidentiary hearing also fails.  Because Reyes did not develop the factual basis of his claim in state court and was not denied a reasonable opportunity to do so, he must meet the requirements set forth in 28 USC § 2254(e)(2) to warrant an evidentiary hearing.  However, Reyes has not shown that his claim relies on either a new rule of constitutional law that was previously unavailable or a factual predicate that could not have been previously discovered through the exercise of due diligence.  28 USC § 2254(e)(2).  Further, Reyes fails to show that the facts underlying his claim would establish by "clear and convincing evidence" that but for his counsel's ineffective assistance no reasonable factfinder would have found him guilty of the underlying offense.  Id.  Finally, Judge Dolinger's denial of the appointment of counsel was well within his discretion, given that Reyes's discovery and

15

evidentiary hearing requests were correctly denied.  See 28
U.S.C. § 2254(h) ("[I]n all proceedings brought under this
section . . . the court may appoint counsel for an applicant. .
. ." (emphasis added)).  Accordingly, for the reasons stated
above and for the reasons further stated in Judge Dolinger's
order, Reyes's objections to this order are overruled.

    IV.   Conclusion

        For the foregoing reasons, the Report and
Recommendation is hereby ADOPTED.  Reyes's petitions [dkt. nos.
3, 20] are DENIED and his objections are OVERRULED [dkt. nos.
39, 46-48].  The Court declines to issue a certificate of
appealability on the basis that Reyes has not made a substantial
showing of a denial of a constitutional right.  See 28 U.S.C. §
2253(c); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).


SO ORDERED.

Dated:    New York, New York
        March 28, 2016

                                      LORETTA A. PRESKA
                                      Chief United States District Judge